# U.S. DISTRICT COURT
# FOR
# THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J. Michael Springmann<br>4619 Yuma St. N.W.<br>Washington, D.C. 20016, | * <br> * | |
|        Plaintiff | * | |
| v. | * | C.A. No._____ |
| Hillary R. Clinton<br>Secretary of State<br>U.S. Department of State<br>2201 C St. N.W.<br>Washington, D.C. 20520 | *<br><br>*<br><br>* | |
|        Defendant | * | |
| U.S. Department of State<br>2201 C St. N.W.<br>Washington, D.C. 20520 | *<br><br>* | |
|        Defendant | * | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552(a) *et seq*., for injunctive and other appropriate relief, seeking the release of agency records requested by Mr. Springmann in July 2010 from the U.S. Department of State.

**Jurisdiction and Venue**

2.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(C)(i).; 5 U.S.C. § 552(a)(g)(1); and 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this

action pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(g)(5); and 28 U.S.C. § 1391.

**Parties**

3. Plaintiff J. Michael Springmann is a citizen of the United States and the District of Columbia He resides in the District of Columbia. Among his other activities has been the research, drafting, and publication of articles dealing with national security affairs.

4. Defendant Hillary R. Clinton, Secretary of State, is the Cabinet Official in charge of the U.S. Department of State, an agency established in the Executive Branch of the United States government. Defendant Department of State is an agency within the meaning of 5 U.S.C. § 552(f)(1) and also within the meaning of 5 U.S.C. § 552a(a)(1). Defendant Clinton and Defendant Department of State have possession, knowledge and/or control of records pertaining both to the July 2010 FOIA/PA request and to Plaintiff Springmann.

**Facts**

5. Between 1989 and 1991, J. Michael Springmann was the Officer in Charge of the Visa Section at the American Consulate General in Jeddah, Saudi Arabia. In violation of the Immigration and Naturalization Act (8 U.S.C. § 1101, specifically Section 8 U.S.C. § 1184 [subsection 214[b] of the Act], copy attached as Exhibit 1 and the State Department's own regulations, the Foreign Affairs Manual (9 FAM 41.11, copy attached as Exhibit 2), he was repeatedly ordered by State Department officials, including but not limited to, Jay Phillip Freres, American Consul General, and Justice (proper name) Stevens, head of the Consular Section, to issue visas to manifestly unqualified applicants, including those previously denied by Plaintiff.

6. These visa applications, including the refusals with the reasons therefor, written on State Department Form DS-156, were kept in cabinets in the Visa Section's file room. Given the volume of visa applications (ca. 45,000 annually), there was no available time to destroy them as the Foreign Affairs Manual had then prescribed. Additionally, copies

of the particularly egregious refusals, with the annotation "reversed/issued per order of Jay Philip Freres" (or other words to that effect), were kept in a brown folder in a Visa Section filing cabinet separate from the file room.

7. Defendants had been told in the Undersigned's July 8, 2010 letter to the State Department's Office of Information Programs and Services (Exhibit 3) exactly what records were being sought:

*I seek access to and copies of all non-immigrant visa application forms (DS-156) which I personally had marked as "Denied under § 214(b) of the Immigration and Nationality Act " or words to that same effect as well as any and all documents relating to them which the U.S. Department of State and/or any of its constituent parts have in their possession, knowledge, or control and which the Department of State and/or any of its constituent parts have created, used, relied upon, or filed in any system of records, formal or informal*

8. Defendants were given sufficient information as to where the records sought might be found.  Cf. Page two (2) of the Undersigned's July 8, 2010 letter to the State Department's Office of Information Programs and Services:

*These documents are most likely contained in the Consular Section, the Political/Economic Section, the Political Section, the Commercial Section, and the Consul General's Office of the American Consulate General, Jeddah, Saudi Arabia; the Consular Section of the American Embassy in Riyadh; the Bureau of Consular Affairs in Washington, D.C., the Bureau of Intelligence and Research at the State Department in Washington, D.C.; unknown locations at the DIA [Defense Intelligence Agency] and CIA [Central Intelligence Agency]; and the Bureau of Diplomatic Security in Washington, D.C., and any personal or official filing cabinets, desks, collections of papers, or files held by Freres, [Eric] Qualkenbush, [Paul A.] Tveit, [Andrew] Weber, [Karen] Sasahara, [Henry] Ensher, Stevens, [Charles] Angulo, and [Stephanie] Smith.* (Words in brackets not in original letter.)

9. Besides the foregoing, the letter went into some detail as to the various officials involved, their names, positions, and types of records which had been created as the result of Mr. Springmann's protests of these illegal visa issuances.

## Hillary R. Clinton & the Department of State Failed to Make a Determination Regarding Plaintiff's FOIA/PA Request and Failed to Disclose Any Relevant Documents

10. On July 8, 2010, Mr. Springmann faxed to the Department of State and placed in the U.S. mail, first-class postage pre-paid, a copy of his letter seeking relevant documents under the FOIA and PA. (The document was sent to: 202-261-8579; Office of Information Programs and Services; A/GIS/IPS/RL; U.S. Department of State; SA-2; Washington, D.C. 20522-8100.) When no response had been received within the 20 days allotted by law, Mr. Springmann appealed, stating in a letter dated August 2, 2010: "OIPS has failed and refused to respond to this request within the 20 days allotted. I regard this as a deliberate denial of my request and therefore, by this letter, appeal that denial." Additionally, Defendants failed to make a determination regarding this FOIA/PA request. No relevant documents have been provided to date.

## Defendants Sought to Delay Matters and Raise Their Costs

11. In a letter dated August 6, 2010 (Exhibit 4), Defendants sought to delay matters by lumping Mr. Springmann with "All Other Requesters" rather than a member of the News Media, thus placing him in a category which, because of its size, has a backlog of great proportions. Additionally, Defendants sought to discourage Mr. Springmann by denying his fee waiver request, subjecting him to an unknown and unknowable search costs. Defendants, in that same letter, flatly denied any reasons for expeditious handling of Mr. Springmann's request, thus subjecting him to years of waiting until Defendants would get around to his inquiry.

## Defendants Failed to Meet Deadlines for Appeals of Deadline

12. On September 1, 2010, Mr. Springmann sent Defendants a letter (Exhibit 5) stating "You are in violation of 22 CFR § 171.5, Appeals of Denials of Expedited Processing. According to that section, you have failed and refused to respond within 10 days of the date you received my appeal..."

**Exhaustion of Administrative Remedies**

13. On December 6, 2011, Mr. Springmann sent Defendants a letter (Exhibit 6) noting that he had exhausted all administrative remedies available to him in seeking redress under the FOIA and PA for records sought.  He stated "your agency has failed and refused to provide any responsive documents by December 6, 2011.  More than a year is certainly sufficient time to produce easily-located records in an uncomplicated request."

**Count 1: Violation of the FOIA/PA--Failure to Comply With Statutory Deadlines**

14. Paragraphs 1-13 above are hereby incorporated by reference as if set forth fully herein.

15. Defendants Hillary R. Clinton and the U.S. Department of State's response to Mr. Springmann's FOIA/PA request violated the statutory deadlines imposed by the law, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

16. Mr. Springmann has exhausted the applicable administrative remedies with respect to his July 8, 2010 FOIA/PA request.

17. The U.S. Department of State has failed to perform an adequate search for responsive documents.

18. The U.S. Department of State has wrongly withheld responsive agency records from Mr. Springmann.

19. Mr. Springmann is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Requested Relief**

WHEREFORE, Plaintiff J. Michael Springmann prays that this Honorable Court:

A. Order Defendants to conduct an adequate search for agency records responsive to his FOIA/PA request within 5 (five) working days of the date of the Court's Order in this matter, with such searching including but not limited to all sites and agencies to which

the Department of State had sent the responsive records (or copies thereof or references thereto);

B.  Order Defendants to produce all responsive agency records within 10 (ten) business days of the Court's Order in this matter;

C.  Personally fine Deputy Assistant Secretary Margaret P. Grafeld and any others connected with the Office of Information Programs and Services, U.S. Department of State, $5,000.00 for every document unlawfully withheld from Mr. Springmann;

D.  Award Mr. Springmann all his costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant such other and further relief as this Honorable Court, in its wisdom, may deem just and proper.

Respectfully submitted,

/s/ J. Michael Springmann
J. Michael Springmann
4619 Yuma St. N.W.
Washington, D.C. 20016
attorney@springmannslaw.net
Tel. 202-686-4869
Fax 202-966-1254
District Court Bar No. 65099